# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1690 | **DATE** | 2/19/2003 |
| **CASE TITLE** | Citizens Financial Services vs. Atlas Financial Corporation, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiff's motion to direct Bank One to pay $35,000 [50-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | 3 number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 56 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MD | courtroom deputy's initials | 2/19/2003 date mailed notice | |
| | | MD mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

|  |  |  |
|---|---|---|
| CITIZENS FINANCIAL SERVICES,<br>an Indiana Corporation, | ) | ̄ ̄ ̄ ̄ |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **No. 02 C 1690** |
|  | ) | **Judge Joan H. Lefkow** |
| ATLAS FINANCIAL CORPORATION, an<br>Illinois Corporation; ATLAS FINANCIAL I<br>CORPORATION, an Illinois corporation;<br>ATLAS FINANCIAL II CORPORATION, an<br>Illinois corporation; and ADAM D.<br>PETERSON, an individual | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of plaintiff, Citizens Financial Services ("Citizens

Financial"), seeking an order directing Bank One, N.A. ("Bank One") to pay $35,000.00 to

Citizens Financial because Bank One transferred such funds to one or more of the defendants, all

judgment debtors of Citizens Financial. For the reasons set forth below, the motion is granted.

## BACKGROUND

Atlas Financial Corporation, Atlas Financial Corporation I, Atlas Financial Corporation

II, and Adam D. Peterson (collectively "defendants") are all judgment debtors of Citizens

Financial due to a default judgment entered against them by this court on April 25, 2002 in the

amount of $556,965.55. On May 20, 2002, Citizens Financial issued a Citation to Discover

Assets ("Citation") to both Bank One and American Bank and Trust Company. Under the terms

of the Citation, Bank One was prohibited from transferring any non-exempt property of or which

56

may become due to the judgment debtors until further order of the court or termination of the proceeding.

Defendants were involved in the business of securitization and servicing various municipal debt securities. One such securitization involved Atlas Financial, as Monitor, Atlas Financial I, as Administrator, and First Chicago Trust Company of New York ("First Chicago") as Trustee, under a June 1, 1999 Master Trust Agreement. The Master Trust Agreement created a grantor trust (the "Trust") to own several issues of tax exempt municipal bonds (the "Bonds"). The Trust issued Certificates of Participation ("Certificates") in the Trust Assets which evidenced undivided beneficial interest in the payments of debt service on the Bonds received by the Trust. The Certificates in the Trust were held by Nuveen Premium Income Municipal Fund 4 ("Nuveen") and Atlas Financial I. Nuveen owned Class A Certificates entitling it to a beneficial interest in $30,050,000 of the Trust Assets and Atlas Financial owned Class B Certificates entitling it to a subordinated interest in $50,000 of the Trust Assets.

At some point thereafter, default occurred under the Master Trust Agreement and all monies on deposit in the Trust's funds were paid out to the Class A Certificate holders on the regular interest payment as partial payment of amounts. Afterward, the Trust did not hold any money. Nuveen, as owner of a majority in principal amount of the Certificates, and in accordance with the terms of the Master Trust Agreement, directed First Chicago, as Trustee, to terminate the Trust and enter into a Termination Agreement, dated as of August 20, 2002, between Nuveen, as majority owner, Atlas Financial I, as Servicer of the Trust, and Atlas Financial Corporation, as Administrator of the Trust. Pursuant to the terms of the Master Trust Agreement and the Termination Agreement, the Trustee terminated the Trust and distributed the

2

Trust Assets to the Certificate holders. Nuveen received Bonds in an aggregate principal amount of $30,050,000 and Atlas I received Bonds in an aggregate principal amount of $50,000.

As part of the Termination Agreement, the parties agreed that on termination of the Trust and distribution of the Bonds, Atlas Financial I would sell Nuveen all of its Bonds for the amount of $35,000. Therefore, as a result of that agreement in the Termination Agreement, a new obligation was created whereby Nuveen owed Atlas Financial I $35,000 for the bonds.

In order to discharge its purchase obligation to Atlas Financial I under the Termination Agreement, Nuveen caused J.P. Morgan to transfer $35,000 from a Nuveen deposit account to First Chicago. First Chicago then received wiring instructions from Atlas Financial I to send Nuveen's $35,000 payment to the Community Bank of Lemont. At no time had First Chicago been the recipient of a Citation to Discover Assets.

To transmit Nuveen's payment to Atlas Financial I, First Chicago caused its affiliate, Bank One Trust Company, to pay the $35,000. At no time during this process was Bank One Trust Company served with a Citation to Discover Assets. Bank One Trust Company and Bank One are separate legal entities with separate Federal Deposit Insurance Certificate numbers. That sum of $35,000 was debited from Bank One Trust Company account number 43185010 at Bank One and credited to the Bank One Collections Corporate Wire Account 619984263. From Bank One's Collections Corporate Wire Account, the funds were wire transferred to Bank One's Federal Reserve Account. The Bank One Ohio Federal Reserve account was then debited and the funds were credited via wire transfer to Community Bank of Lemont Account 0161162243 with instructions to further credit Adam Peterson's account. The wire detail specifically stated that the wire is payment from Nuveen for Bonds purchased by Nuveen. (See Bank One Ex. E.)

3

# DISCUSSION

Rule 69, Fed. R. Civ. P., directs federal courts to look to the law of the forum state for procedures to enforce federal court judgments. *Cacok* v. *Covington*, 111 F.3d 52, 54 (7th Cir. 1997); *Resolution Trust Corp.* v. *Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993). Under Illinois law, a judgment creditor may institute supplementary proceedings against either a judgment debtor or a third-party to discover assets of a judgment debtor. 735 ILCS 5/2-1402(a). The citation served on a third-party may prohibit

> the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first. The third party may not be obliged to withhold the payment of any moneys beyond double the amount of the balance due sought to be enforced by the judgment creditor. The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this section, or in the amount of the value of the property transferred, whichever is lesser.

735 ILCS 5/2-1402(f)(1).

The citation Citizens Financial served on Bank One modeled the terms of § 1402(f)(1), stating that Bank One was prohibited

> from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment [debtor] or to which he/she may be entitled or which may be acquired by or become due to him/her, until further order of court or termination of the proceeding. You are not required to withhold the payment of any money beyond double the amount of the judgment.

(Def. Ex. A.)

In response to Citizens Financial's charge that Bank One distributed $35,000 to defendants in violation of the Citation, Bank One argues that a citation respondent is only liable for wrongful payment of funds that it possesses and which belong to the judgment debtor. Bank One claims that it was never in possession of any assets or accounts belonging to defendants as Bank One was nothing but an "intermediary bank" in the electronic transfer of Bank One Trust Company Funds (representing payment from Nuveen under the Termination Agreement) to Atlas Financial I. Moreover, Bank One claims that the funds did not actually belong to the judgment debtor until they were received, and, therefore, the Citation was not violated.

As Citizens Financial points out, however, this is not a case seeking a turnover order of assets belonging to defendants that had previously been held by Bank One. Instead, as per the broad language of § 1402(f)(1), Citizens Financial attempts to hold Bank One liable for violating the restraining provisions because Bank One was "prohibited from making or allowing any transfer of non-exempt property which was due to defendants." This is consistent with a reading of the statute, which prohibits a party from "making or allowing any transfer." 735 ILCS 5/2-1402(f)(1). Moreover, the statute does not state that the funds must be the property of the judgment debtor when transferred, as it specifically references assets "belonging to the judgment debtor *or to which he or she may be entitled* or which may be thereafter acquired by *or become due* to him or her . . . ." *Id.* (emphasis added). Nor does the statute specify that the funds must be transferred from the judgment debtor's accounts, as it instead reads "any transfer" of assets. *Id.*

Bank One does not dispute that the property in question was non-exempt. Moreover, Bank One also admits that $35,000 was transferred from an account at Bank One to an account

5

belonging to Peterson at Community Bank of Lemont. As such, no dispute exists that Bank One made and allowed a transfer of funds which one or more defendants had become entitled to. This clearly falls within the statutory language of the Illinois statute. Citizens Financial's motion is granted.

## CONCLUSION

For the reasons stated above, Citizen Financial's motion to direct Bank One to Pay $35,000 is granted [#50].

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 19, 2002